IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Patrick Watson,**

    **Plaintiff,**

v.                    **Case No. 04-3285-JWL**

**United States of America,**

    **Defendant.**

## MEMORANDUM AND ORDER

  Plaintiff, appearing pro se, filed suit under the Federal Tort Claims Act based on allegedly deficient medical care he received while a pretrial detainee under federal custody. On January 10, 2006, defendant filed a motion to dismiss or, in the alternative, for summary judgment. In February 2006, the court granted the motion and dismissed plaintiff's complaint after plaintiff did not respond to the motion and did not respond to a subsequent order to show cause. This matter is presently before the court on plaintiff's motion for reconsideration of the court's order granting defendant's motion and dismissing plaintiff's complaint (doc. 26). As explained below, the court grants plaintiff's motion for reconsideration, will permit plaintiff to file a response to defendant's motion no later than Friday, July 14, 2006, and transfers this case to the Wichita docket of this court to be reassigned by the clerk's office in Wichita to one of the resident judges there.

  Defendant filed its motion to dismiss or, in the alternative, for summary judgment on January 10, 2006. After plaintiff did not file a response to the motion to dismiss within the time period provided in Local Rule 6.1(e)(2), the court issued an order directing plaintiff to show good cause in writing to the court why he failed to respond to the motion to dismiss in a timely fashion.

Plaintiff did not file a response to the order to show cause and, thus, the court granted defendant's motion and dismissed plaintiff's complaint pursuant to Local Rule 7.4. Plaintiff now seeks relief from that order and requests an extension of 30 to 45 days to file a response to the motion.

Because plaintiff's motion was filed within 10 days of the entry of judgment, it is properly construed as a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (a motion to reconsider filed within ten days after entry of judgment is considered a Rule 59(e) motion). Grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. (citing *Brumark Corp. v. Samson Resources Corp*., 57 F.3d 941, 948 (10th Cir. 1995)). Here, plaintiff is requesting that the court reconsider its order to prevent manifest injustice. According to plaintiff, the order to show cause was sent via certified mail to his sister's home (he concedes that he neglected to provide an updated address to the court, but explains that he did not realize he was required to do so, noting that the court had previously found plaintiff at the various correctional facilities in which he was housed without plaintiff having to notify the court that he had been transferred) and she was unable to retrieve the certified letter until February 22, 2006 (just two days prior to the court's order dismissing the case) as a result of her work schedule. Plaintiff responded to the order as soon as he received it from his sister.

In such circumstances, the court believes that the Tenth Circuit would direct this court to permit plaintiff to respond to defendant's motion and to resolve plaintiff's claims on the merits. Defendant has not identified or shown any legal or equitable prejudice by the delay in plaintiff's

2

filing and the delay has not interfered with the judicial process in any significant respect. *See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (reversing district court's dismissal on uncontested motion where plaintiff's response to motion was received one day after the fifteen-day deadline and no prejudice to defendants could have resulted from this delay, nor could it have caused interference with the judicial process); *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988) (where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks but, once discovered, responded promptly, defendant would not have been prejudiced in any legal or equitable sense by court's consideration of response and any inconvenience to the court was not so severe a burden as to justify dismissal; court erred in refusing to grant Rule 60(b) motion); *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988) (a dismissal with prejudice for violation of local rule requiring response to motions is a "severe sanction reserved for extreme circumstances"). In light of these authorities, the court finds that dismissal of plaintiff's complaint (or, as urged by defendant, a finding that plaintiff has waived his right to file a response by virtue of Local Rule 7.4) based solely on plaintiff's violation of the local rules would be too severe a sanction, particularly in light of plaintiff's prompt response upon receipt of the order to show cause.

For the foregoing reasons, the court grants plaintiff's motion for reconsideration and will permit plaintiff to file a response no later than Friday, July 14, 2006. With respect to plaintiff's request that the court appoint counsel on his behalf, that request is denied at this juncture because the court believes that plaintiff understands the fundamental issues in his case and is able to present those issues coherently. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115

(10th Cir. 2004) (no abuse of discretion in denying motion to appoint counsel where district court concluded that plaintiff was able to present his case adequately).

Finally, the court sua sponte transfers this case to the Wichita docket of this court to be reassigned by the clerk's office in Wichita to one of the resident judges there.  Upon reviewing the substance of defendant's motion in connection with plaintiff's motion to reconsider, the court realized that one of defendant's primary witnesses with respect to the discretionary function exception (an argument upon which resolution of this case may likely turn) is Michael Shute, a Deputy U.S. Marshal for the United States Marshal Service.  In his papers, plaintiff also points to Mr. Shute as a fact witness for certain events.  Mr. Shute's credibility, then, would be an issue in this case at trial, an issue of particular concern because this case would be tried to the court.  Mr. Shute is stationed in Kansas City and, as a result, the court has regular contact with Mr. Shute and Mr. Shute, at times, is responsible for the court's safety.   In such circumstances, the court believes that in order to avoid any appearance of impropriety recusal is appropriate and this case should be transferred to Wichita, where the judges do not have regular contact with Mr. Shute.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for reconsideration (doc. 26) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** this case shall be transferred to the Wichita docket of this court to be reassigned by the clerk's office in Wichita to one of the resident judges in Wichita.

**IT IS SO ORDERED.**

Dated this 16th day of May, 2006, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
